UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CECIL VANN, | ) | CV F- 05-0891 OWW DLB P |
|         Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
|   v. | ) | |
| R. RIMMER, et.al., | ) | |
|         Defendants. | ) ) | |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed October 3, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names as defendants R. Rimmer, Director of the California Department of Corrections ("CDC"); Warden Scribner; Lieutenant Hill; and Officer Reacheck.  Plaintiff alleges that on April 23, 2003, he was participating in yard activities at Corcoran State Prison, where he was incarcerated at the time, when he was attacked by another inmate.  Plaintiff contends that when he turned around to defend himself, he was shot in the ear by a wooden block fired by defendant Reacheck.

Plaintiff alleges that defendants Scribner and Hill failed to process his inmate appeals and defendant Rimmer failed to protect him from the violation of his civil rights.

**Excessive Force Claim**

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action.  Id. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10.

Here, plainitff describes force applied in an effort to maintain or restore discipline.  Even if plaintiff was not the aggressor in th altercation, it does not appear that defendant Reacheck had any way of knowing this.  Even if defendant Reacheck's conduct was negligent, negligent conduct, even if it causes injury cannot serve as the basis for a constitutional claim under the Eighth Amendment. Plaintiff does not contend that defendant Reacheck maliciously fired at him but rather fired during an altercation with another inmate.  While it is unfortunate that plainitff was injured, the allegations do not rise to the level of malicious or sadistic conduct and are not sufficient to state a claim under the Eighth Amendment.

**Supervisorial Liability**

Plaintiff also fails to state cognizable claims against the supervisory defendants Rimmer, Scribner or Hill.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that these defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

1  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
2  constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at
3  646.  He therefore fails to state claims under section 1983 against defendants Rimmer, Scribner or
4  Hill.
5       Moreover, the non-existence of, or the failure of prison officials to properly implement an
6  administrative appeals process within the prison system does not raise constitutional concerns.
7  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).
8  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right
9  upon the inmates." Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.
10 Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise
11 to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth
12 Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316
13 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation.
14 Buckley, 997 F.2d at 495.  Thus, a prison official's involvement and actions in reviewing prisoner's
15 administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d
16 at 495.
17 **Leave to Amend**
18      In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
19 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure
20 the deficiencies will result in dismissal of this action without leave to amend.
21      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
23 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
24 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
25 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
26 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
27 588 F.2d 740, 743 (9th Cir. 1978).
28

1  In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
2  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
5  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
6  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
7  each claim and the involvement of each defendant must be sufficiently alleged.
8  In accordance with the above, IT IS HEREBY ORDERED that:
9      1.  Plaintiff's complaint is dismissed;
10      2.  The Clerk's Office shall send plaintiff a complaint form; and
11      3.  Plaintiff is granted thirty days from the date of service of this order to file an
12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
13  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
14  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
15  and two copies of the amended complaint; failure to file an amended complaint in accordance with
16  this order will result in dismissal of this action for failure to state a claim and failure to comply with
17  the court's order.
18  IT IS SO ORDERED.
19  **Dated:   August 28, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                           UNITED STATES MAGISTRATE JUDGE
20